UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-310-RJC
(3:05-cr-376-RJC-3)

| | |
|---|---|
| RICKY C. BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence under <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), arguing that his convictions for violating 18 U.S.C. § 924(c) are invalid. (Doc. No. 1).

## I.  BACKGROUND

Petitioner was indicted along with two co-defendants in the underlying criminal case for his participation in a Hobbs Act extortion conspiracy. The charges pertaining to Petitioner are: Count (1), conspiracy to commit Hobbs Act extortion (18 U.S.C. § 1951(a)); Count (4), using and carrying a firearm in connection with Hobbs Act conspiracy (18 U.S.C. § 924(c)); Count (6), Hobbs Act extortion and aiding and abetting the same (18 U.S.C. § 1951(b)(2) and 2); Counts (12), (13), (14), using and carrying a firearm during and in relation to a crime of violence, Hobbs Act extortion, and aiding and abetting the same (18 U.S.C. §§ 924(c) and 2); and Counts (17), (18), (19), possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)). (3:05-cr-376,

1

Doc. No. 33: Superseding Indictment).

Petitioner pled guilty to the two violations of § 924(c) in Counts (12) and (13), in exchange for the Government's dismissal of the remaining counts. (Id., Doc. No. 72: Plea Agreement). A Magistrate Judge accepted the guilty plea following a thorough Rule 11 hearing. (Id., Doc. No. 79: Entry and Acceptance of Guilty Plea Form). The Court accepted Petitioner's plea and imposed a downward departure sentence on the Government's motion of a total of 240 months' imprisonment (120 months for each count, consecutive). (Id., Doc. No. 158: Judgment; Doc. No. 159: Statement of Reasons). The Judgment was entered on September 7, 2007. (Id., Doc. No. 158). Petitioner did not appeal.

Petitioner filed a *pro se* Motion to Vacate in 2008, case number 3:08-cv-397, alleging ineffective assistance of counsel. The Court dismissed and denied the Motion to Vacate and granted summary judgment in the Government's favor. Brown v. United States, 2010 WL 3607893 (W.D.N.C. Sept. 13, 2010).

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 9, 2016 with the Fourth Circuit's authorization to do so. (Doc. Nos. 1, 1-1). He originally argued that his Career Offender designation and § 924(c) convictions are invalid pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) (Doc. Nos. 1, 1-1). This case was stayed for several years pending the United States Supreme Court's consideration of Beckles v. United States, No. 15-8544, and Fourth Circuit's consideration of United States v. Ali, Case No. 15-4433 and United States v. Simms, Case No. 15-4640. (Doc. No. 5).

2

Petitioner filed a Supplemental Memorandum in support of the § 2255 Motion to Vacate following the United States Supreme Court's issuance of its decision in United States v. Davis, 139 S. Ct. 2319 (2019), in which it held that § 924(c)'s residual clause is unconstitutionally vague. (Doc. No. 6). Petitioner now argues that the § 924(c) convictions are no longer valid because Hobbs Act extortion no longer qualifies as a crime of violence.

The Government concedes that Hobbs Act extortion is no longer a crime of violence under § 924(c). (Doc. No. 12). However, it asks the Court to relieve Petitioner of his guilty plea to violating § 924(c), relieve the United States of its obligations under the Plea Agreement, enter judgment on the alleged lesser included offense of Hobbs Act extortion, and resentence Petitioner.

Petitioner filed a Reply, (Doc. No. 9), arguing that substitution of Hobbs Act extortion for § 924(c) is improper because the Plea Agreement does not allow the Government to renege on its promises that induced Petitioner's guilty pleas. Petitioner further asserts that the Court should not enter judgment on a new Hobbs Act extortion count because: the Court does not have the authority to substitute one offense for another under § 2255; doing so would punish Petitioner for asserting his meritorious claim of actual innocence; and the statute of limitations for substantive Hobbs Act extortion has expired. Petitioner requests that the Court vacate his § 924(c) convictions and release him immediately.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime...." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3). Section 924(c)(3)(B)'s residual clause is unconstitutionally

vague. Davis, 139 S. Ct. at 2319.

The question in the instant case is whether the offense underlying Petitioner's § 924(c) convictions is a crime of violence under § 924(c)(3)(A)'s force clause. See United States v. Simms, 914 F.3d 229, 233 (4th Cir. 2019) (categorical approach is used to determine whether the statutory elements of an offense "necessarily require the use, attempted use, or threatened use of physical force" under § 924(c)'s force clause). The offense underlying Petitioner's § 924(c) convictions was Hobbs Act extortion which the Government correctly concedes is not a crime of violence under § 924(c)'s force clause.[1] See United States v. Iozzi, 420 F.2d 512, 515 (4th Cir. 1970) (holding that fear of economic loss is sufficient to support a conviction for Hobbs Act extortion).

The Government's argument that Hobbs Act extortion is a lesser included offense of § 924(c) is mistaken because they are separate crimes. See United States v. Walker, 934 F.3d 375, 377 (4th Cir. 2019) (" Under 18 U.S.C. § 924(c), a person … may be separately convicted of both the underlying crime of violence and the use, carrying, or possession of that firearm."). It follows that the Government's request to substitute Hobbs Act extortion for the § 924(c) convictions is not supported by the plain language of § 2255. Section 2255 states that, if a court finds that collateral relief is warranted, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may

---

[1] The result would be the same even if the underlying offense was conspiracy to commit Hobbs Act extortion. See Simms, 914 F.3d at 233 (Hobbs Act conspiracy does not categorically qualify as a crime of violence under 924(c)'s force clause).

5

appear appropriate." 28 U.S.C. § 2255(b). Therefore, the Government's request to enter a new judgment substituting Hobbs Act extortion counts for the § 924(c) offenses will be denied.

### III. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's Motion to Vacate.

**IT IS, HEREBY, ORDERED** that:

(1) Petitioner's Motion to Vacate, (Doc. No. 1), is **GRANTED**, the convictions for Counts 12 and 13 in the Superseding Indictment are **VACATED** and those charges are **DISMISSED**.

(2) Petitioner is therefore **ORDERED** released from the custody of the United States Bureau of Prisons and/or the custody of the U.S. Marshals Service.

(3) Bureau of Prisons and/or the U.S. Marshals Service is granted up to 10 days to comply with this Order.

(4) The Clerk of Court shall certify copies of this Order to the Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation Office.

Signed: January 27, 2020

Robert J. Conrad, Jr.
United States District Judge